**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | ) | |
| NATIONAL FIRE INSURANCE COMPANY OF | ) | |
| HARTFORD, AND VALLEY FORGE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No: 5:17-cv-00807 |
| v. | ) | |
| | ) | |
| BLACKHAWK VENTURES, LLC, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

**COMPLAINT**

NOW COMES Continental Casualty Company, National Fire Insurance Company of Hartford, and Valley Forge Insurance Company (collectively, "CNA"), by and through its undersigned counsel, and for its Complaint against Blackhawk Ventures, LLC ("Blackhawk Ventures"), states as follows:

**NATURE OF THE ACTION**

1.      This is a lawsuit to recover certain insurance premiums due and owing to CNA by Blackhawk Ventures.

**PARTIES**

2.      Continental Casualty Company, National Fire Insurance Company, and Valley Forge Insurance Company are Illinois corporations with a principal place of business at 333 S. Wabash Ave., Chicago, IL 60604, which are authorized to do business in Texas.

3.      Blackhawk Ventures is a Texas limited liability company with a registered business address of 427 W. Cevallos St., Ste. B, San Antonio, Texas, 78204.

4.      The president of Blackhawk Ventures is Ruben Villarreal, 938 West Laurel, San Antonio, Texas 78283.

5.      Ruben Villarreal is the sole member of Blackhawk Ventures.

6.      Ruben Villarreal is a resident, domiciliary, and citizen of the State of Texas.

7.      Blackhawk Ventures has conducted business as "Blackhawk Constructors" and "Blackhawk Systems."

## JURISDICTION

8.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), based on diversity of citizenship, and because the amount in controversy exceeds $75,000.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b), based on the defendant's residency.

## FACTUAL BACKGROUND

10.     CNA issued insurance policies to Blackhawk Ventures under policy number 5095094266, including a policy for the term January 27, 2015 to January 27, 2016 (the "2015 Policy"), and for January 27, 2016 to August 23, 2016 (the "2016 Policy," and together with the 2015 Policy, the "CNA Policies").

11.     A true and correct copy of the 2015 Policy is attached hereto as *Exhibit A*, and a true and correct copy of the 2016 Policy is attached hereto as *Exhibit B*.

12.     As is typical for certain types of commercial insurance, the premiums for the CNA Policies are not fixed upon the commencement of the applicable policy period.  Instead, the premiums are merely estimated based on information provided by the insured and its representatives, and an audit is conducted after the end of the applicable annual policy period to determine the actual earned premium for the policy.

13.     Specifically, the CNA Policies provide:

> Premium Audit
> a. We will compute all premiums for this Coverage Part in accordance with our rules and rates.
> b. Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.
> c. The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.

The 2015 Policy also explains:

> INSURANCE PREMIUM AUDIT
> What is it and why do you need it?
> A premium audit is a determination of the actual insurance exposures for the coverages you have based on an examination of your operation, records and books of account.
>
> When your policy is issued, your premium is estimated based on your business circumstances and information provided at that time. An audit establishes the correct premium base for your insurance coverage by verifying actual exposures. After your audit, an adjustment will be made to the premium that was estimated at issuance.
>
> An audit is necessary after the expiration of a policy with a variable premium base such as payroll or sales.

14.     CNA conducted a physical audit at Blackhawk Ventures to determine the actual earned premium for the 2015 Policy.

15.     A true and correct copy of the Audit Statement generated with respect to the 2015 Policy is attached hereto as ***Exhibit C***.

16.     CNA determined that $20,635.00 in audit premium (additional premium) was due and owing to CNA.  After credit for payments made, $19,875.47 of this audit premium remains due and owing.

3

17.     CNA conducted a physical audit at Blackhawk Ventures to determine the actual earned premium for the 2016 Policy.

18.     A true and correct copy of the Audit Statement generated with respect to the 2016 Policy is attached hereto as ***Exhibit D***.

19.     CNA determined that an audit premium (additional premium) was due to CNA in the amount of $128,505.00.  After an adjustment due to cancellation mid-policy period, the total earned premium was $89,367.34 with regard to the audit.  After credit for payments made, $61,363.76 of this audit premium remains due and owing.

20.     With regard to the 2016 Policy, Blackhawk Ventures also owes CNA four installment payments totaling $11,098.32.

21.     After accounting for an installment fee and two late fees totaling $155.00, Blackhawk Ventures owes CNA a total of $92,492.55, as follows:

| 2015 Policy | | |
|---|---|---|
| Remaining Audit Premium | $ | 19,875.47 |
| **2016 Policy** | | |
| Audit Premium | $ | 128,505.00 |
| Adjustment (Due to Cancellation) | $ | (39,137.66) |
| Total Earned Audit Premium | $ | 89,367.34 |
| Less Payments | $ | (28,003.58) |
| | | |
| Remaining Audit Premium | $ | 61,363.76 |
| Unpaid Installment 6 | $ | 2,697.26 |
| Unpaid Installment 7 | $ | 2,800.36 |
| Unpaid Installment 8 | $ | 2,800.36 |
| Unpaid Installment 9 | $ | 2,800.34 |
| Subtotal | $ | 72,462.08 |
| **Fees** | | |
| Installment Fee | $ | 35.00 |
| Late Fee | $ | 100.00 |
| Late Fee | $ | 20.00 |
| | | |
| **Total Due** | $ | **92,492.55** |

22.     On or about January 5, 2017, CNA issued an invoice to Blackhawk Ventures for $92,492.55 (the "January Invoice").

23.     A true and correct copy of the January Invoice is attached hereto as ***Exhibit E***.

24.     Blackhawk Ventures did not pay the $92,492.55 due and owing under the January Invoice.

25.     The $92,492.55 owed by Blackhawk Ventures is immediately due and owing, and has not been paid upon demand of CNA.

26.     Blackhawk Ventures is currently indebted to CNA in the amount of $92,492.55.

## COUNT I
## BREACH OF CONTRACT

27.     CNA repeats, restates and realleges the allegations of the above-stated paragraphs as if fully set forth herein.

28.     Blackhawk Ventures owes $92,492.55 to CNA under the CNA Policies.

29.     CNA complied with all of the obligations it has in connection with the CNA Policies.

30.     CNA, on numerous occasions prior to filing the instant litigation, demanded payment of the amounts owed by Blackhawk Ventures.

31.     Blackhawk Ventures has failed, refused and continues to refuse to remit payment of the $92,492.55 owed to CNA, as required by the CNA Policies.

32.     Blackhawk Ventures has breached the CNA Policies.

33.     CNA has been damaged by Blackhawk Ventures' breach of the CNA Policies in the amount of $92,492.55, plus interest accruing from and after the date of the January Invoice, attorneys' fees, costs, and all other amounts payable in accordance with the CNA Policies and applicable law.

34.    Accordingly, CNA respectfully requests that this Honorable Court enter judgment against Blackhawk Ventures in the amount of $92,492.55, plus interest accruing from and after the date of the January Invoice, costs, and all other amounts payable in accordance with the CNA Policies and applicable law.

## COUNT TWO
## UNJUST ENRICHMENT

35.    CNA repeats, restates and realleges the allegations of the above-stated paragraphs as if fully set forth herein.

36.    CNA has provided insurance to Blackhawk Ventures for which Blackhawk Ventures has refused to pay, and Blackhawk Ventures has been unjustly enriched thereby.

37.    CNA has repeatedly demanded that Blackhawk Ventures remit payment of the amounts owed by Blackhawk Ventures to CNA.

38.    Blackhawk Ventures has failed, refused and continues to refuse to pay the balance due and owing CNA, thereby resulting in damage to CNA in the amount of $92,492.55, plus interest accruing from and after the date of the January Invoice, attorneys' fees, costs, and all other amounts payable in accordance with the CNA Policies and applicable law.

39.    Accordingly, CNA respectfully requests that this Honorable Court enter judgment against Blackhawk Ventures in the amount of $92,492.55, plus interest accruing from and after the date of the January Invoice, costs, and all other amounts payable in accordance with the CNA Policies and applicable law.

## COUNT THREE
## ACCOUNT STATED

40.    CNA repeats, restates and realleges the allegations of the above-stated paragraphs as if fully set forth herein.

41.     Blackhawk Ventures being indebted to CNA in the sum of $92,492.55 upon an account stated between them, promised to pay CNA said sum upon demand.

42.     CNA has repeatedly demanded that Blackhawk Ventures remit payment of the amount owed by Blackhawk Ventures to CNA.

43.     Blackhawk Ventures has failed, refused and continues to refuse to pay the balance due and owing CNA, thereby resulting in damage to CNA in the amount of $92,492.55, plus interest accruing from and after the date of the January Invoice, attorneys' fees, costs, and all other amounts payable in accordance with the CNA Policies and applicable law.

44.     Accordingly, CNA respectfully requests that this Honorable Court enter judgment against Blackhawk Ventures in the amount of $92,492.55, plus interest accruing from and after the date of the January Invoice, costs, and all other amounts payable in accordance with the CNA Policies and applicable law.

## COUNT FOUR
## QUANTUM MERUIT

45.     CNA repeats, restates and realleges the allegations of the above-stated paragraphs as if fully set forth herein.

46.     CNA has provided insurance to Blackhawk Ventures which Blackhawk Ventures have refused to pay.

47.     Blackhawk Ventures accepted the insurance provided by CNA.

48.     Blackhawk Ventures owes CNA $92,492.55 based on quantum meruit.

49.     CNA has repeatedly demanded that Blackhawk Ventures remit payment of the amounts owed by Blackhawk Ventures to CNA.

50.     Blackhawk Ventures has failed, refused and continues to refuse to pay the balance due and owing CNA, thereby resulting in damage to CNA in the amount of $92,492.55, plus

interest accruing from and after the date of the January Invoice, attorneys' fees, costs, and all other amounts payable in accordance with the CNA Policies and applicable law.

51.     Accordingly, CNA respectfully requests that this Honorable Court enter judgment against Blackhawk Ventures in the amount of $92,492.55, plus interest accruing from and after the date of the January Invoice, costs, and all other amounts payable in accordance with the CNA Policies and applicable law.

**PRAYER FOR RELIEF**

WHEREFORE, CNA respectfully requests that this Honorable Court grant judgment on each of the above-stated causes of action, enter judgment against Blackhawk Ventures in the amount of $92,492.55, plus interest accruing from and after the date of the January Invoice, costs, and all other amounts payable in accordance with the CNA Policies and applicable law, and grant such other and further relief as is equitable and just.

Respectfully Submitted,

SHELTON & VALADEZ, P.C.
600 Navarro, Suite 500
San Antonio, Texas 78205-1860
Ph:  (210) 349-0515
Fx:  (210) 349-3666


_____/s/ Robert A. Valadez_____
ROBERT A. VALADEZ
State Bar No. 20421845

ATTORNEY FOR PLAINTIFFS

**CONTINENTAL CASUALTY COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF
HARTFORD, AND VALLEY FORGE
INSURANCE COMPANY**